JANVIER, Judge.
In the Succession proceedings of Joseph J. Savoca, Sr., who died on June 6, 1954, there was inventoried as an asset of the estate a two-ton Chevrolet Chassis and Cab the value of which was fixed in the inventory at $2,000. Evelyn Savoca Later-rade qualified as administratrix of the estate of her father, and in her said capacity, on February 19, 1957, brought this suit against Bland Banana Co., Inc., which, it is agreed, is the trade name under which Robert B. Bland operates his banana distributing business.
Bland answered, denying liability, and, by agreement, the matter was tried and judgment was rendered as though the suit had been brought against him and not against the Bland Banana Company, which is not incorporated.
In the petition the administratrix alleged that, at the time of the death of her father, Joseph J. Savoca, Sr., the truck was in the possession of Bland, the defendant, and that he had continued to operate it from that time until the bringing of the suit. She alleged that, at the time at which she brought suit, the value of the truck was $1,500 and that the value of the use of the truck between the time of the death of Savoca and the time of the bringing of the *683 suit was $1,500, and she prayed that there be judgment in her favor and against Bland commanding him to return the truck to her, and in her favor for $1,500 for the use of the truck, and, in the alternative that the truck should not or could not be returned, that there be judgment in her favor in the sum of $3,000, $1,500 of which represented the value of the truck and $1,500 of which represented the value of the use by Bland.
Bland admitted that, at the time of the death of Savoca, he had possession of the truck and that he had continued to use it until the time of the filing of the suit, and that it was in his possession and was being used by him when the suit was tried, but he averred that “on or about January, 1953,” as a result of an agreement which he had entered into with Savoca, the ownership of the truck had been transferred to him, and that therefore he should not be called upon to return it, nor to make any payment for its use.
Bland also by reconventional demand prayed for judgment against the Succession of Savoca for various items which he said he had expended for account of Savoca. This reconventional demand has been entirely abandoned by Bland.
There was judgment in fávor of the ad-ministratrix condemning the said Bland to return the truck to her, and, in the alternative that the truck should not or could not be delivered, to pay her the sum of $1,500. And there was further judgment-dismissing the claim for the value of the use of the truck. After this judgment was rendered, it became apparent that the truck had little if any value, and the plaintiff by rule called upon Bland to show cause why he should not pay the $1,500 which had been fixed as the value of the truck in the event it should not be returned. On this rule it was determined that the truck, because of abuse by Bland, had little value, and the defendant, Bland, was ordered to pay to plaintiff the sum of $1,500. From this judgment Bland appealed. -
Plaintiff also appealed though her appeal is in the record in the Succession proceedings of Savoca which was made a part of the record in this suit. In her appeal the administratrix prayed that the judgment be amended by the allowance to her of $1,500 for the use of the truck and that in all other respects the judgment be affirmed.
Only one question is presented; i. e. Was there an agreement in January, 1953, or at any other time as a result of which the ownership of the truck was transferred by Savoca to Bland?
Bland says that the truck had been bought by Savoca and that, in order to secure payment of a portion of the purchase price, Savoca had given to a bank or a finance company in Memphis, Tennessee, notes secured by a chattel mortgage on the truck, and that, after Savoca had paid three of the notes, he had not been able to make any further payments and had suggested to Bland that, if he would continue to make payments, he, Bland, could take over the ownership of the truck. He says that he and Savoca were engaged in the same kind of business and had offices together, and that it was for this reason that he was willing “to help Savoca out” and to make the agreement entered into, and that he continued to 'make the payments and retired the entire balance of the chattel mortgage indebtedness.
The record shows that the title which is required under LSA-R.S. 32:705 stood in-the name of Savoca and was never transferred to Bland. On behalf of Bland, it is contended that this was true because the title was held by a bank or a finance company which held the chattel mortgage. However, the title itself seems to have been in possession of Savoca, or the administra-trix, or the attorney for the administratrix since it was produced at the trial below and still stood in the name of Savoca. And furthermore, strangely enough the title shows that there was no chattel mortgage recorded against the vehicle. The trial in the District Court commenced on January *684 22, 1958, which was four years after the alleged transfer of title and yet, as already stated, the title at that time was still in the possession of the attorney for Savoca and had never been transferred to Bland.
It is more than strange that Bland, who says that he had many other automobiles, did not require that the title be transferred to him. Furthermore, although Bland claims to have made the payments to a finance company or to a bank, he was unable to produce any checks for any amounts showing any such payments, and, in fact, changed his original testimony and stated that some of the payments had been made in cash. Several pages of one of his account books, apparently his ledger, were produced in evidence, and on these records appears a charge against Savoca, dated September 18, 1953, for a payment of $179.50, which is admittedly a payment which he made on account of the Chevrolet truck. This would show that he did make at least one such payment, but it also shows that he charged this payment against the account of Savoca. Why, then, if he had taken over the ownership of the truck in January, 1953, under the agreement that he would make all further payments himself, should he have charged this payment against Savoca? This and other evidence convinces us that the District Judge was undoubtedly correct in holding that Savoca had never transferred the ownership of the truck to Bland.
At the time of the opening of the Succession of Savoca when the truck was inventoried at $2,000, it was in the possession of and being used by Bland. It remained in his possession and was used by him until the termination of the suit in the District Court. Under the circumstances no doubt plaintiff could have claimed from Bland the value of the truck at the time of the opening of the Succession, which was $2,000.' She chose, however, to claim payment for the use of the truck during the several years in which it remained in Bland’s possession. She was within her rights in doing this, and since claim is made now only for an additional $500 for the use, she should be allowed that as the record shows that the value of the use of such truck during that period is substantially more than the amount claimed.
Accordingly, the judgment appealed from is amended by the increase of the amount awarded plaintiff to the sum of $2,000, together with legal interest from judicial demand, and, as thus amended and in all other respects, the judgment is affirmed; deféndant to pay all costs.
Amended and affirmed.